IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RICHARD J. SINGLETON,

    Plaintiff,

    v.

NORFOLK SOUTHERN RAILWAY COMPANY, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:19-CV-3133-TWT

## OPINION AND ORDER

This is a personal injury and employment discrimination case. It is before the Court on the Defendants' Motion to Bifurcate Claims for Trial [Doc. 88] and the Plaintiff's Motion for Oral Argument [Doc. 97]. For the reasons set forth below, the Defendants' Motion to Bifurcate Claims for Trial [Doc. 88] is DENIED, and the Plaintiff's Motion for Oral Argument [Doc. 97] is DENIED as moot.

Federal Rule of Civil Procedure 42(b) provides that a district court may—for convenience, to avoid prejudice, or to expedite and economize—order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. Fed. R. Civ. P. 42(b). This rule affords broad discretion for courts to bifurcate issues or claims based on the circumstances of an individual case. *See Harrington v. Cleburne Cnty. Bd. of Educ.*, 251 F.3d 935, 938 (11th Cir. 2001). There are a number of factors to

consider in the exercise of this discretion, including whether a single trial of all issues would create the potential for jury bias or confusion; whether the evidence required for each issue is substantially different; and whether bifurcation would enhance or reduce the possibility of pretrial settlement. *See Kimberly-Clark Corp. v. James River Corp. of Va.*, 131 F.R.D. 607, 608-09 (N.D. Ga. 1989). Notwithstanding these factors, "the paramount consideration must remain a fair and impartial trial to all litigants through a balance of benefit and prejudice." *Id.* at 609. As the advisory committee's notes acknowledge, bifurcation under Rule 42(b) "is not to be routinely ordered." Fed. R. Civ. P. 42(b) advisory committee's note to 1966 amendment. Rather, the traditional rule is that the factfinder, whether judge or jury, should "make an ultimate determination on the basis of a case presented in its entirety." *Kimberly-Clark Corp.*, 131 F.R.D. at 608.

The Defendants contend that bifurcation is appropriate for the following reasons: (1) to prove his Federal Railroad Safety Act (the "FRSA") claim, the Plaintiff will need to "inflam[e] the jury and convinc[e] jurors of [the] Defendants' malicious wrongdoing," thus prejudicing the Defendants on his Federal Employers' Liability Act (the "FELA") claim; (2) the issues to be tried under the FRSA and the FELA are significantly different, including the claim elements, burdens of proof, defenses, and remedies; (3) separate trials will avoid lengthy presentations of evidence on issues that may prove irrelevant to the jury; and (4) a single trial risks confusing the jury about which pieces of

evidence may be considered as to which claims and which Defendants. (Defs.' Br. in Supp. of Defs.' Mot. to Bifurcate, at 6-15.)

As an initial matter, some of the Defendants' prejudice arguments are no longer relevant following the Court's February 3, 2023 summary judgment order. Namely, the Defendants argue that a consolidated trial would be unfair to the three individual Defendants—Cortez Mason, Jonathan Henson, and Steve Moose—because the Plaintiff did not assert his FELA claim against them. (*Id.* at 3-6, 15; Reply Br. in Supp. of Defs.' Mot. to Bifurcate, at 4-5, 10-11.) Thus, the Defendants complain, "there is a substantial risk that any liability found against the corporate [D]efendants will improperly bleed over into liability toward the individual [D]efendants." (Defs.' Br. in Supp. of Defs.' Mot. to Bifurcate, at 15.) However, now that the Court has granted summary judgment to the individual Defendants, they no longer face any liability and will not have to stand trial in this case. *See Singleton v. Norfolk S. Ry. Co.*, 2023 WL 1768115, at *10 (N.D. Ga. Feb. 3, 2023).

As to the corporate Defendants, the Court does not believe that the Plaintiff's claims are so unrelated that conducting a single trial will cause them undue prejudice. In fact, the Plaintiff has identified substantial overlap in the evidence and witnesses required to prove his FRSA and FELA claims. *See Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1301 (11th Cir. 2001) (holding that bifurcation was unnecessary where "[t]here is clearly substantial overlap in the issues, facts, evidence, and witnesses" for each claim). Both causes of

3

action—for work-related personal injuries and employment discrimination—initially arose from a shoulder injury that the Plaintiff sustained on the job in July 2016. To that end, the Plaintiff expects to call multiple witnesses, including Mason, Steve Garrett, Sean Collins, and Dianne Barnett, to testify as to each claim, and some factual issues, such as the abolishment of the Plaintiff's wheel truck position, are central to liability and/or damages under the FRSA and the FELA. (Pl.'s Br. in Opp'n to Defs.' Mot. to Bifurcate, at 10-11.) Although there may be other differences in the evidence, defenses, and remedies, this is hardly remarkable or problematic in a multi-claim case. Indeed, the prejudice alleged by the Defendants—jury bias and confusion—can be redressed through "cautionary warnings, limiting instructions, special verdict forms, and other instructions to the jury." *Real v. Bunn-O-Matic Corp.*, 195 F.R.D. 618, 621 (N.D. Ill. 2000); *cf. Campbell v. Boston Sci. Corp.*, 882 F.3d 70, 74-76 (4th Cir. 2018) (upholding a decision to consolidate four cases for trial where the district court "bent over backwards to ensure that distinct questions of fact and law could be appropriately developed at trial and distinguished by the jury"). As the Supreme Court has observed, our jury system "is premised on the idea that rationality and careful regard for the court's instruction will confine and exclude jurors' raw emotions." *CSX Transp., Inc. v. Hensley*, 556 U.S. 838, 841 (2009).

Rather than promote judicial economy and convenience, the Defendants' bifurcation proposal would require the same witnesses to present much of the

4

same testimony to two different juries at two separate trials. Any risk of prejudice to the Defendants, the Court finds, does not overcome this burden on the parties, witnesses, and judicial resources. See *Allstate Ins. Co. v. Vizcay*, 826 F.3d 1326, 1333 (11th Cir. 2016) ("A district court properly exercises its discretion not to bifurcate a trial when a joint trial will save the parties from wasteful relitigation, avoid duplication of judicial effort, and not materially prejudice the parties' rights." (quotation marks, citation, and alterations omitted)). Nor are there evident efficiencies to be had from splitting up the Plaintiff's claims. For example, the Defendants do not suggest that by trying one claim before the other, the Court could avoid a second trial altogether if the jury resolves a dispositive preliminary issue in their favor. *Contra Jinro Am. Inc. v. Secure Invs., Inc.*, 266 F.3d 993, 998 (9th Cir. 2001) ("Here the district court decided that, before addressing any of the parties' claims, an initial determination should be made whether the parties had entered into a valid agreement and, if so, what that agreement entailed.").

    For the foregoing reasons, the Defendants' Motion to Bifurcate Claims for Trial [Doc. 88] is DENIED. Because the Court was able to resolve the Motion to Bifurcate Claims for Trial and the Defendants' earlier Motion for Partial Summary Judgment [Doc. 87] on the briefs, the Plaintiff's Motion for Oral Argument [Doc. 97] is DENIED as moot.

    SO ORDERED, this   28th   day of February, 2023.

*[signature: Thomas W. Thrash]*
THOMAS W. THRASH, JR.
United States District Judge

6